IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VALENTIN C. SANCHEZ, | |
| Petitioner, | |
| v. | Case No. 3:22-CV-1400-NJR |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Valentin C. Sanchez (Doc. 1), as well as a Motion to Dismiss filed by Respondent United States of America (Doc. 3). For the following reasons, the Court grants Respondent's Motion to Dismiss.

On September 8, 2010, a federal grand jury returned a three-count Superseding Indictment against Sanchez. *United States v. Sanchez*, Case No. 4:10-CR-40022-GPM, Doc. 85. Sanchez was charged with conspiracy to distribute, and possession with the intent to distribute, 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2), and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.* The Government also filed an information on August 24, 2010, which set forth Sanchez's prior controlled substance convictions. *Id.* at Doc. 75. The Government indicated it would rely on these convictions to enhance Sanchez's sentence on Counts 1 and 2 pursuant to 21 U.S.C. § 851. *Id.*

Sanchez was convicted by a jury on all three counts. *Id.* at Docs. 118, 120, 122, 124. Retired District Judge G. Patrick Murphy sentenced Sanchez to 262 months' imprisonment on Counts 1 and 2 and 120 months' imprisonment on Count 3, to run concurrently. The Seventh Circuit affirmed Sanchez's conviction and sentence. *United States v. Sanchez*, 432 F. App'x 624 (7th Cir. Aug. 25, 2011). Sanchez did not seek certiorari from the Supreme Court.

Now, 11 years later, Sanchez seeks relief under 28 U.S.C. § 2255. Sanchez asserts that his sentence for Counts 1 and 2 was enhanced pursuant to 21 U.S.C. § 851 because he had two or more prior felony controlled substance convictions. Sanchez argues that one of those convictions, a 2000 conviction in Illinois for possession of cocaine with intent to deliver, no longer qualifies as a serious drug felony under *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). Because his prior conviction no longer qualifies as a valid predicate offense to a § 851 enhancement, he argues, his sentence is unconstitutional and he should be resentenced.

In response, the Government has moved to dismiss Sanchez's petition as untimely. The Government argues that the Seventh Circuit affirmed Sanchez's conviction and sentence on August 25, 2011, but Sanchez did not file his § 2255 petition until nearly 11 years later. Thus, it is untimely and must be dismissed. The Court ordered Sanchez to respond to the Government's motion to dismiss on or before November 28, 2022, but Sanchez did not file a response. (Doc. 4).

A motion under § 2255 allows a federal prisoner "in custody . . . claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A motion under § 2255 is subject to a one-year time

limitation that generally runs from the latest of:

    (1) The date on which the judgment of conviction becomes final;

    (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

If a petitioner directly appeals his conviction, the judgment becomes final upon the denial of a petition for certiorari or the expiration of the period in which a petition for certiorari could have been filed. *Clay v. United States*, 537 U.S. 522, 532 (2003). The period for filing such a petition expires 90 days after the court of appeals enters judgment or denies a petition for rehearing. S.Ct. Rule 13. Here, the Seventh Circuit affirmed Sanchez's conviction and sentence on August 25, 2011. Sanchez did not seek certiorari from the U.S. Supreme Court, so his judgment became final November 23, 2011. He then would have had one year to file his § 2255 under § 2255(f)(1). Because Sanchez did not file this § 2255 until June 29, 2022, his petition is nearly 10 years late unless another exception applies.

Sanchez cites to *Ruth* in his petition, but he does not explain how that case extends his time to file a § 2255 petition under § 2255(f)(2)-(4) other than to say that *Ruth* provided him with new evidence. Nor did he file a response to the Government's motion to dismiss despite being ordered to do so.

Section 2255(f)(4) does allow the one-year statute of limitations to run from "the date

on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." But that section "is not triggered when a petitioner discovers or understands a new legal decision or theory." *United States v. Hayes*, No. 19 C 50104, 2020 WL 2112367, at *2 (N.D. Ill. May 4, 2020) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *see also Lo v. Endicott*, 506 F.3d 572, 575-76 (7th Cir. 2007) (to conclude "that any decision by any court on any issue could constitute a factual predicate would swallow up the specifically delineated limitations" in § 2255(f)). And even if Section 2255(f)(4) or any other subsection did apply here, *Ruth* was decided on July 20, 2020. Sanchez did not file his § 2255 petition until June 29, 2022, well past the one-year statute of limitations provided by § 2255(f).

For these reasons, the Court finds that Sanchez's motion is untimely. Therefore, the Motion to Dismiss filed by Respondent United States of America (Doc. 3) is **GRANTED,** and the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Valentin C. Sanchez (Doc. 1) is **DENIED**. This action is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order averse to the applicant." "[A] district court's dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c), and therefore a certificate of appealability is required." *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curium). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may be issued

"only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012), *quoting Tennard v. Dretke*, 542 U.S. 274, 281 (2004). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set forth above, the Court has determined that Sanchez's § 2255 is untimely, and reasonable jurists would not find that conclusion debatable or wrong. Thus, Sanchez has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

If Sanchez wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Sanchez chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Sanchez files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Sanchez will only be allowed to proceed on his appeal if he obtains a certificate of appealability. Here, the undersigned District Judge has already declined to issue a certificate of appealability. Thus, Sanchez must request a certificate of appealability from

the Court of Appeals pursuant to FEDERAL RULE OF APPELLATE PROCEDURE 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Sanchez cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Sanchez plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Sanchez wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4),

(a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Sanchez showing excusable neglect or good cause.

**IT IS SO ORDERED.**

**DATED:   December 22, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**